UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                    v.                                          20-CR-49 (JLS)

ROCCO A. BEARDSLEY,

                    Defendant.

_____

## DECISION AND ORDER

Defendant Rocco A. Beardsley moves to withdraw his guilty pleas to two counts of the Superseding Indictment. Dkt. 730. For the reasons below, the motion is DENIED.

## BACKGROUND[1]

On October 27, 2020, a grand jury returned a 34-count Superseding Indictment charging Defendant Rocco A. Beardsley ("Beardsley") and others with violations of Title 21, United States Code, Sections 841(a)(1), 846, 848(a), 856(a)(1), 859(a), 860a, and 861(f); as well as Title 18, United States Code, Sections 1956(h) and 2. Dkt. 23. Beardsley was charged in 23 of the 34 counts. *See id.* This Court scheduled a jury trial to commence on March 25, 2024. *See* Dkt. 556.[2]

On January 10, 2024, the Government filed a memorandum pursuant to

_____

[1] This section contains a brief summary of Beardsley's case, as relevant to this motion.

[2] The case was originally assigned to Hon. Richard J. Arcara, United States District Judge. On November 9, 2023, the case—as to Beardsley only—was transferred to the undersigned. *See* Dkt. 556. The balance of the case remains with Judge Arcara.

*Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and attached a copy of a proposed plea agreement. Dkt. 608. The Government requested that the Court conduct a *Frye/Lafler* colloquy to ensure that Beardsley was aware of the offer and understood the terms of the proposed agreement. *Id.* ¶ 23. The Court held a *Frye/Lafler* hearing January 11, 2024. Dkt. 609. At that proceeding, the Government stated that it had extended a formal plea offer to Beardsley, which he rejected. *Id.* Beardsley confirmed that he received the plea offer and discussed it with counsel—and that he rejected it. *Id.* After a thorough colloquy, the Court found that Beardsley was knowingly and voluntarily rejecting the plea offer. *Id.*

On March 25, 2024—the date set for jury selection—Beardsley and his counsel advised the Court that Beardsley intended to enter guilty pleas pursuant to a written agreement. *See* Dkt. 653. The Court then held a change-of-plea hearing and conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. *Id.*[3] At the conclusion of the colloquy, the Court adjudged Beardsley guilty of Counts 2 and 5 of the Superseding Indictment. *Id.* The Court also set a date for sentencing. *Id.*[4]

At a status conference before this Court on August 6, 2024, Beardsley advised

---

[3] A transcript of the hearing is at Dkt. 716.

[4] Sentencing was originally set for July 23, 2024, *see id.*, but was adjourned due to the circumstances described below. Beardsley has not yet been sentenced.

that he wished to proceed *pro se. See* Dkt. 700.[5]  The Court granted that request

and appointed Brian K. Parker and Paul G. Dell as standby counsel for Beardsley.

*Id.*[6]  Beardsley also stated that he wished to withdraw his guilty pleas, and that he

intended to file a written motion within approximately 30 days.  *Id.*

On September 13, 2024, the Government moved to set a sentencing date.

Dkt. 717.  The Court granted the Government's motion to the extent that, if no

motion to withdraw guilty pleas was filed by October 15, 2024, sentencing would

proceed on December 27, 2024.  Dkt. 718.  On October 11, 2024, Beardsley filed a

motion seeking to withdraw his guilty pleas on various grounds.  Dkt. 730.  The

government opposed the motion.  Dkt. 741.  Beardsley did not reply.

---

[5] At that time, Beardsley was represented by Brian K. Parker, Esq. and Paul Dell, Esq.  Parker began representing Beardsley on or around March 7, 2023, *see* Dkt. 421, and Dell began representing Beardsley on or around August 21, 2023.  *See* Dkt. 509, 510.  Beardsley was previously represented in this case by Michael O'Rourke, Esq. and James P. Vacca, Esq., who were relieved for various reasons.  *See* Dkt. 54, 416.

[6] In a Text Order issued the same day, the Court advised Beardsley that the purpose of standby counsel is to be available to assist a *pro se* defendant with procedures, as necessary and when asked, without actively participating in the defense.  Dkt. 701.  The Court further advised that, while proceeding *pro se*, Beardsley is solely responsible to control the organization of and content of his defense, make motions, argue points of law, and address the Court.  *Id.*  The Court also encouraged Beardsley to consult with Mr. Parker and Mr. Dell as appropriate.  *Id.*  The Court similarly cautioned Beardsley in open Court.

## DISCUSSION

Beardsley seeks to withdraw his guilty pleas entered on March 25, 2024. *See* Dkt. 730.[7] The Government opposes Beardsley's motion in all respects, and argues that an evidentiary hearing is not required. *See* Dkt. 741. For the reasons below, the Court denies Beardsley's motion, in its entirety, without an evidentiary hearing.

## I.    STANDARD TO WITHDRAW A GUILTY PLEA

A "guilty plea is no mere formality, but a 'grave and solemn act.'" *United States v. Arteca*, 411 F.3d 315, 319 (2d Cir. 2005) (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)). The "detailed procedures" in Rule 11 of the Federal Rules of Criminal Procedure "are intended to ensure that such pleas are not 'merely tentative.'" *Id.* (quoting *Hyde*, 520 U.S. at 676).

Nevertheless, Rule 11(d) allows a defendant to withdraw a guilty plea, after a court accepts the plea but before sentencing, for "any fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of showing that such a reason

---

[7] A slightly different standard applies when a defendant seeks to withdraw from a plea agreement but not to withdraw his guilty plea. *See United States v. Lopez*, 385 F.3d 245, 255 (2d Cir. 2004) (borrowing Rule 11(d)'s "fair and just reason" standard but instructing district courts to (1) "ask whether there is credible evidence that the defendant did not freely and voluntarily enter into the plea agreement, either because he was coerced or improperly induced to accept its terms, or because he misunderstood them," and to (2) "determine the extent of any prejudice likely to be suffered by the Government"). Beardsley does not specifically request to withdraw from the plea agreement, but he seeks to withdraw his guilty pleas. *See* Dkt. 730. Under these circumstances, the Court interprets Beardsley's motion to request both relief from his guilty pleas and the plea agreement. Regardless, Beardsley does not seek to withdraw only from the plea agreement, so the modified standard does not apply here.

exists. *See United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001). Whatever the basis for a defendant's motion, "the standard for withdrawing a guilty plea is stringent." *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011) (internal citation and quotation marks omitted).

Whether to allow a defendant to withdraw a guilty plea is generally committed to the district court's discretion. *Arteca*, 411 F.3d at 319–20. Courts consider the following factors:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea.

*United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004).

In addition, courts may consider whether the defendant "has raise[d] a significant question about the voluntariness of the original plea." *Id.* at 103 (internal citation and quotation marks omitted). Further, ineffective assistance of counsel "during plea negotiations can invalidate a guilty plea[,] and make . . . withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of [the] defendant's decision to plead guilty." *Arteca*, 411 F.3d at 320.

5

## II.    BEARDSLEY MAY NOT WITHDRAW HIS GUILTY PLEAS

Beardsley asserts several bases for his motion, which are largely focused on supposed issues with his lawyers' representation of him.  None is a valid basis to withdraw his guilty pleas.

### A. Voluntariness

The Second Circuit "evaluate[s] whether a plea is knowing and voluntary by looking to the 'totality of the relevant circumstances' under which the plea is taken." *United States v. Brooks*, 756 F. App'x 52, 55 (2d Cir. 2018) (quoting *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006)).  A defendant's "bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). And a defendant's "sworn statements during a plea allocution 'carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them.'" *United States v. Velissaris*, No. 22CR105 (DLC), 2023 WL 2875487, at *13 (S.D.N.Y. Apr. 10, 2023), aff'd, No. 23-6379-CR, 2024 WL 4502001 (2d Cir. Oct. 16, 2024) (quoting *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999)).

Here, Beardsley entered his guilty pleas knowingly, intelligently, and voluntarily.  During the plea colloquy, the Court interacted with Beardsley to assess whether he was capable of making a knowing and voluntary decision to plead guilty, as well as whether he had enough time to consider the decision and its consequences.  Beardsley acknowledged that he read the entire plea agreement

before he signed it, and that he understood the entire agreement. *See* Dkt. 716 at 7. He also acknowledged that he spoke with his lawyers about the charges against him, his rights, the proposed plea agreement, and his options. *Id.* at 10. And he confirmed that he was satisfied with the advice and counsel he received from his lawyers. *Id.*

The Court reviewed all aspects of the plea agreement with Beardsley including—among other things—the charges, elements, factual basis, Government's proof, maximum penalties, sentencing guidelines, and Rule 11(c)(1)(C) agreement. *See id.* at 17-18, 20, 30-48. Beardsley indicated that he understood all aspects. *See id.* The Court also asked Beardsley whether: (1) the plea agreement was the "complete agreement" between he and the Government; (2) he reviewed the entire agreement with his lawyers; and (3) he understood and agreed with everything in the agreement. *Id.* at 52-53. Beardsley answered affirmatively to each question. *Id.*

In his motion, Beardsley purports that he suffers from learning and mental health issues that affect his ability to read and understand legal materials. *See* Dkt. 730 at 5. The plea colloquy, however, refutes any claim that a mental health condition prevented Beardsley from making a voluntary decision to plead guilty.

At the beginning of the change-of-plea hearing, the Court asked:

> THE COURT: Are you currently seeing a doctor for any physical or mental condition that could affect your ability to read or communicate or make decisions or understand these proceedings here today?
>
> . . .

7

THE DEFENDANT: I would say personally myself, no.

THE COURT: Well, let me ask you this way . . . Is anything you are taking . . . impairing your judgment?

THE DEFENDANT: No, no, no.

THE COURT: Is anything that you are taking or any doctor that you are seeing doing anything to negatively affect your ability to read or communicate?

THE DEFENDANT: No.

THE COURT: And . . . do you understand what you are doing here today? Is there anything that you are taking or any doctor that you are seeing that's affecting your ability to understand what you are doing here today?

THE DEFENDANT: No.

THE COURT: Are you clearheaded this morning?

THE DEFENDANT: Yeah. I mean, yeah.

THE COURT: . . . Do you have any mental condition or disability that prevents you from understanding the charges against you or the consequences of your guilty pleas?

THE DEFENDANT: No.

THE COURT: . . . are you taking any—are you under the influence of any drugs, medication or alcohol right now?

THE DEFENDANT: No.

THE COURT: Is there any medication that your doctor wants you to take that you're not taking?

THE DEFENDANT: No.

THE COURT: Mr. Beardsley, is there any reason we should not proceed with this change of plea hearing today?

THE DEFENDANT: No.

Dkt. 716 at 8-9.

8

The Court asked defense counsel whether they spoke with Beardsley about the proceeding and whether they believed Beardsley was competent to proceed. *Id.* at 9. His lawyers answered both questions affirmatively. *Id.* After these exchanges, the Court concluded: "Based on the statements of Mr. Beardsley and his counsel and my observations, I find that Mr. Beardsley is in full possession of his faculties and is competent to proceed." *Id.* at 10.

Later—after the Court explained Beardsley's constitutional rights, the plea agreement, possible punishment, the nature of the offenses, the factual basis for the offenses, and the consequences of the pleas—the Court asked Beardsley:

> THE COURT: Have you understood everything I've said and every question that you've answered?
>
> THE DEFENDANT: Yes. I understand everything you said.
>
> THE COURT: Okay. Have you understood every question that you have answered as well?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you believe that you are competent to decide to plead guilty?
>
> THE DEFENDANT: I feel I am competent.
>
> THE COURT: And is there any reason I should not accept your guilty pleas?
>
> THE DEFENDANT: No, sir, Your Honor.

*Id.* at 57. At the end of the hearing, the Court concluded:

> I observed Mr. Beardsley's intelligence, demeanor and attitude while answering my questions and I observed that he does not appear to be under the influence of any medicine, drug or other substance that might affect his actions or judgment in any manner.

9

> Based upon all of that, I find that Mr. Beardsley is fully competent and capable of entering an informed plea. That he is aware of his Constitutional rights, the nature of the charges and the consequences of his pleas. I also find that the guilty pleas are knowingly, voluntarily and intelligently made, in light of Mr. Beardsley's complete understanding and appreciation of the nature of the charges, the consequences of the pleas and his Constitutional rights.

*Id.* at 58-59.

Beardsley may, in fact, suffer from a learning or other mental health condition. But these interactions between Beardsley and the Court—and the conclusions the Court drew from them—indicate that any such conditions did not prevent Beardsley from making a voluntary decision to plead guilty. Because the plea colloquy establishes that any mental-health condition(s) did not impair Beardsley's judgment, his conflicting claims now do not allow him to withdraw his pleas.

Beardsley also purports that there was "coercion from Attorney to take plea." Dkt 730 at 3. But there is no evidence that Beardsley's attorneys—or anyone else—coerced him to plead guilty. Indeed, the Court's plea colloquy demonstrates otherwise. Specifically, the Court asked Beardsley:

> THE COURT: Other than what's contained on the pages of the written plea agreement that you signed, other than that, did anyone make any promises, representations or guarantees to you to try to get you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Other than what's contained in the written plea agreement that you signed and other than a general discussion of the sentencing guidelines and other sentencing considerations with your lawyers—other than all of that, Mr. Beardsley, did anyone promise you leniency or a particular sentence or any other incentive to get you

to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Is anyone forcing you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Did anyone try to threaten you someone in your family or someone close to you to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Whether to plead guilty is your decision. Not your lawyers. You should do what you want to do. Not what you think your lawyer wants you to do or either of your lawyers wants you to do and not what you think anyone else wants you to do. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is your decision to plead guilty today voluntary and of your own free will?

THE DEFENDANT: Yes, sir.

*Id.* at 16-17.

Indeed, Beardsley's "conclusory allegations do not suggest that counsel was doing more than vigorously urging him to accept a plea agreement in a case that, in his legal opinion, was hopeless." *United States v. Davis*, 48 F. App'x 809, 811–12 (2d Cir. 2002) (citing *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001)). And "defense counsel's blunt rendering of an honest but negative assessment of [Defendant's] chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." *Juncal*, 245 F.3d at 172.

In sum, Beardsley "had a rational as well as actual understanding of the proceedings" against him, and his "guilty plea[s] [were] knowing and voluntary."

11

*Brooks*, 756 F. App'x at 57 (internal citation and quotation marks omitted).

### B. Ineffective Assistance of Counsel

Beardsley claims that he received ineffective assistance of counsel throughout the case and, as a result, should be able to withdraw his guilty pleas. He makes generalized ineffective assistance claims and cites a few particular examples—none of which allows him to withdraw his pleas.

To establish ineffective assistance of counsel, a defendant must show that: (1) "counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms"; and (2) "it is reasonably likely that prejudice occurred—*i.e.*, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Arteca,* 411 F.3d at 320 (citing *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984)).

In the context of plea negotiations, a defendant satisfies the second prong by showing "that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In other words, "[i]neffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." *Id.*

Here, Beardsley fails to demonstrate ineffective assistance of counsel. He lists several alleged issues relating to his lawyers' representation of him, including:

(1) asked for pre-trial hearings; (2) Search warrants, search applications; (3) Evidence; (4) Chain of Command (*sic*); (5) Illegal Search and Seizure; (6) Overdose Hearing. *See* Dkt. 730 at 2. But he fails to include any facts to show that his lawyers' performance fell below an objective standard of reasonableness or that, but for his counsel's errors, he would not have pled guilty.

Beardsley may disagree with various strategic decisions that his lawyers made. And a defendant "should, of course, discuss potential arguments with [his] lawyers. . . ." *United States v. Hage*, 74 F.4th 90, 94 (2d Cir. 2023). But "it is the lawyer, not the party, who is best placed to decide which arguments to make, and how to make them." *Id.* Indeed, the "Court may not 'upset a plea solely because of post hoc assertions' from [Defendant] about 'how would have pleaded but for his attorney's deficiencies.'" *United States v. Williams*, No. 21-CR-64 (KAM), 2024 WL 2168577, at *1 (E.D.N.Y. May 15, 2024) (citing *Lee v. United States*, 582 U.S. 357, 369 (2017)). Rather, "the Court must 'look to contemporaneous evidence to substantiate' that [Defendant] would have insisted on foregoing a guilty plea and proceeding to trial but for his attorney's alleged deficiencies." *Id.* Beardsley offers no such evidence here.

Nor do Beardsley's generalized claims of ineffective assistance provide grounds to withdraw his guilty pleas. During the plea colloquy, the Court asked Beardsley—at least two separate times—whether he was satisfied with his lawyers. Each time, Beardsley stated that he was. Early on in the colloquy, the Court asked:

> THE COURT: Are you satisfied with the advice and counsel you've received from [your lawyers]?
>
> THE DEFENDANT: Yeah.

Dkt. 716 at 10. And before accepting Beardsley's guilty pleas, the Court asked:

> THE COURT: Mr. Beardsley, are you satisfied with your lawyers and the representation they have provided to you?
>
> THE DEFENDANT: It's the most difficult question—yes.
>
> THE COURT: Did you tell your lawyers everything that you know about your case?
>
> THE DEFENDANT: Truthfully, yes.
>
> THE COURT: Do you believe that . . . your lawyers fully considered any defenses that you may have to the charges against you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you believe that [your lawyers] fully advised you concerning this case and the consequences of these guilty pleas?
>
> THE DEFENDANT: Yes.

*Id.* at 56.

Beardsley's claims about his lawyers "are . . . contradicted by his prior sworn statements," amount to "little more than conclusory allegations unsupported by the record," and, therefore, do not support withdrawal of his guilty pleas. *See Miller*, 3 F. Supp. 2d at 381 (citing cases).

Lastly, Beardsley fails to show prejudice. Under the Superseding Indictment, Beardsley faced—among other mandatory minimum penalties—a mandatory life sentence if convicted of Count 5. *See* Dkt. 608 ¶ 6. But the plea agreement, if accepted by the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C), guarantees that Beardsley will receive a sentence of no more than 25 years in prison. *See* Dkt. 652

¶ 14. There is no evidence to suggest that, but for his attorneys' conduct, Beardsley would have foregone this benefit and proceeded to trial.

In sum, because Beardsley did not show that his guilty pleas resulted from ineffective assistance of counsel, his claims provide no basis for him to withdraw his pleas.

### C. Other Bases

To the extent that Beardsley's motion might be construed as raising additional grounds for relief, the Court has considered them and concludes they do not provide a basis to withdraw his guilty pleas.

The Court will conclude by addressing the remaining factors outlined in *Schmidt*, 373 F.3d at 103. First, Beardsley does not, in his motion here, assert his innocence. Second, significant time passed between Beardsley's guilty pleas and his motion to withdraw. He pled guilty on March 25, 2024, but did not express a desire to withdraw his plea until approximately August 2024—nearly five months later. And he did not actually file his motion until October 11, 2024. Dkt. 730. *See U.S. v. Doe*, 537 F.3d 204, 212 (2d Cir.2008) ("Whereas a swift change of heart may indicate a plea made in haste or confusion, . . . the fact that the defendant waited five months to file his motion strongly supports the district court's finding that his plea was entered voluntarily") (internal quotations marks, citation, and alterations omitted).

Lastly, the Court need not consider the final *Schmidt* factor—prejudice to the Government—because Beardsley did not set forth valid grounds to withdraw his

15

plea. *See Hirsch*, 239 F.3d at 225 ("When considering a motion to withdraw a plea, a court should consider the potential prejudice to the government, but only if the defendant has set forth sufficient grounds to withdraw the plea."). In sum, Beardsley does not demonstrate a fair and just reason to withdraw his pleas under Rule 11(d)(2)(B).

## III.    NO EVIDENTIARY HEARING IS REQUIRED

An evidentiary hearing "may be appropriate where a defendant has demonstrated factual issues surrounding the voluntariness . . . of his plea." *Miller*, 3 F. Supp. 2d at 380. But "no hearing is required 'if the movant's allegations merely contradict his earlier statements made under oath at his plea allocution.'" *Id.* (quoting *Maher*, 108 F.3d at 1529) (alterations omitted).

Because Beardsley has not demonstrated factual issues regarding the voluntariness of his guilty pleas, the Court resolves his motion without an evidentiary hearing. *See id.* ("no hearing is required 'if the movant's allegations merely contradict his earlier statements made under oath at his plea allocution'") (quoting *Maher*, 108 F.3d at 1529) (alterations omitted)). *See also Torres*, 129 F.3d at 715 ("A motion to withdraw a guilty plea may be denied without a hearing where the defendant's allegations 'merely contradict the record,' are 'inherently incredible,' or are 'simply conclusory'") (citation omitted).

## **CONCLUSION**

For all of these reasons, the Court DENIES Beardsley's motion to withdraw

his guilty pleas (Dkt. 730).

SO ORDERED.

Dated:      November 22, 2024
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

17